**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| POPSOCKETS LLC, ) | |
| ) | Case No. 18-cv-588 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| DOZTRADING LLC, DOZCELL LLC, and ) | |
| MEHMET DOZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR PATENT, COPYRIGHT AND TRADEMARK INFRINGEMENT,**
**AND UNFAIR COMPETITION**

Plaintiff, PopSockets LLC ("PopSockets"), by and through its undersigned attorneys, for

its Complaint for patent infringement, copyright infringement, trademark infringement, and

unfair competition against Defendants DozTrading LLC ("DozTrading"), DozCell LLC

("DozCell"), and Mehmet Doz (collectively, "Defendants"), hereby alleges:

**INTRODUCTION**

1.     PopSockets is one of the nation's leading providers of grips and mount

accessories for handheld electronic devices and its products are, and for several years have been,

sold in stores and online throughout the United States.

2.     Defendants DozTrading and DozCell, under the ownership and management of

Defendant Mehmet Doz, have made unauthorized use of PopSockets' patented technology by

importing, making, using, selling, and/or offering for sale infringing products covered by

PopSockets' patents.

3.      Defendants copied PopSockets' works of art from PopSockets' website or the website(s) of its authorized resellers and used these works of art to create identical, or strikingly or substantially similar versions.

4.      Defendants copied PopSockets' design mark and used that mark in connection with Defendants' products as well as copied an image of PopSockets' mount product protected by U.S. Design Patent Nos. D777,022 and D818,808, to create a likelihood of confusion as to the source of Defendants' products.

## NATURE OF THE CASE

5.      This action arises under the patent laws of the United States, 35 U.S.C. § 271 for Defendants' infringement of U.S. Patent No. 8,560,031 ("the '031 Patent"), under the Copyright Act (17 U.S.C. § 101) for Defendants' unlawful copying of PopSockets' registered works of art, under the Lanham Act (15 U.S.C. § 1125(a)), and under the laws of the State of Wisconsin for Defendants' unlawful use of confusingly similar variations of PopSockets' registered trademarks.

## THE PARTIES

6.      PopSockets is a corporation organized under the laws of Colorado with its corporate headquarters and principle place of business at 3033 Sterling Circle, Boulder, Colorado 80301.

7.      DozTrading is a corporation organized under the laws of Wisconsin and has its principal place of business at 1010 East Washington Ave., Unit 1020, Madison, Wisconsin 53703.

8.      DozCell is a corporation organized under the laws of Wisconsin and has its principal place of business at 1010 East Washington Ave., Unit 1020, Madison, Wisconsin 53703.

2

9.     Mehmet Doz is and has been the substantial owner and managing member of DozTrading and DozCell, and resides at 1010 East Washington Ave., Unit 1020, Madison, Wisconsin 53703.

## JURISDICTION AND VENUE

10.     This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, the copyright laws of the United States 17 U.S.C. § 101 *et seq.*, and the trademark laws of the United States 15 U.S.C. § 1051 *et seq.*  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Defendants reside in this District, committed acts of infringement in this District, and have a regular and established place of business in this District.

12.     Personal jurisdiction exists over Defendants because: (1) Defendants are incorporated and have their principal places of business, or otherwise reside in this District; (2) Defendants regularly conduct business in this District and throughout this State; and (3) Defendants have committed, and continue to commit, acts of patent, copyright, and trademark infringement, and/or induced acts of patent, copyright, and trademark infringement by others, in this District and throughout this State of Wisconsin.

## FACTUAL BACKGROUND
### U.S. Patent No. 8,560,031

13.     PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in the '031 Patent, entitled "Extending Socket for Portable Media Player."  The '031 Patent was duly and legally issued by the United States Patent and Trademark Office on October 15, 2013.  A copy of the '031 Patent is attached hereto as Exhibit A.

14.    Mr. Barnett, named inventor of the inventions claimed in the '031 Patent, is the CEO of PopSockets.

15.    PopSockets has been producing its grip product since 2012.  PopSockets' grip product is well-known nationwide, sold online, and carried throughout the country in retail stores such as Target and Best Buy.

16.    Since its inception, PopSockets has been recognized and touted by major media outlets.  In 2012, National Public Radio (NPR) recognized PopSockets' innovativeness.  The Wall Street Journal identified PopSockets' grip product as the "best" compact "smartphone support" accessory in 2015.  USA Today named PopSockets "the coolest tech you have to see" in 2015.  PopSockets won the "Fueling Innovation" contest sponsored by Mercedes Benz in 2013, was featured at the 2015 Consumer Electronics Show, and was the first recipient of Kate Galliet's "Fit For Real Life Seal of Approval" award in 2016.

17.    PopSockets' grip product can be used in a variety of different ways.  For example, consumers can use PopSockets' grip for taking pictures, as a stand to prop up a mobile device, or to ease a consumer's texting, scrolling, or other common portable media player device uses.

18.    PopSockets allows consumers to customize the grip with various graphics and designs.  PopSockets currently sells over 120 different decorative designs with various base and accordion colors.  In addition, users can upload graphics or images to customize the grip product.

19.    To the extent required by law, PopSockets has complied with the provisions of 35 U.S.C. § 287.

20.    Defendants' grip product ("Accused Grip Product") and mount product ("Accused Mount Product") (collectively, the "Accused Products") are marketed as a

"PopUpSocket," and "Pop Clip Holder, Car Mount for Pop Sockets" for "enhancing the grip and capabilities of your phone."

21.     Defendants are responsible for importing, making, using, selling, and/or offering for sale the Accused Products.

22.     PopSockets has sent multiple cease and desist letters to Defendants, as early as July 17, 2017, notifying Defendants that they are infringing PopSockets' intellectual property rights and requesting Defendants cease distributing the Accused Products.

23.     Defendants continue to import, make, use, sell, and/or offer for sale the Accused Products on websites, including DozTrading.com and DozCell.com.  *See e.g.,* Figures 1 and 2.

 

**Figure 1**[1]                                  **Figure 2**[2]

---

[1] https://www.doztrading.com/collections/wholesale-popsockets
[2] https://www.dozcell.com/products/popsockets

24.     Some of the Accused Grip Products sold by Defendants incorporate aesthetic designs and graphics that closely resemble those used on PopSockets' products.

25.     Each Defendant has infringed, is currently infringing, and unless enjoined, will continue to infringe at least claims 9 and 16 of the '031 Patent in this District and elsewhere in the United States by importing, making, using, selling, and/or offering for sale the Accused Grip Product.  Defendants' infringe claim 9 by importing, making, using, selling, and/or offering for sale the Accused Grip Product which embodies:



A                        B                        C                        D

 a. a securing element for attaching the socket to the back of a portable media player or player case and an accordion forming a tapered shape connected to the securing element, as illustrated in figures C and D above.

 b. an accordion that is capable of extending outward generally along its axis from the portable media player or player case and retracting back toward the portable media player or player case by collapsing generally along its axis, as illustrated in figures A, B, and C above.

26.     Examples of Defendants' infringement of claim 16 includes performing the claimed method steps of:

 a. attaching a socket including the accordion to a portable media player or player case, as shown in figure C above.

 b. selectively extending the socket by unfolding the accordion generally along its axis, as shown in figure C above

     c.      selectively retracting the socket by folding the accordion generally along its axis such that the walls fold next to each other, as shown in figure A.

### U.S. Design Patent No. D777,022

27.     PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in the '022 Patent, entitled "Device Clip." The '022 Patent was duly and legally issued by the United States Patent and Trademark Office on January 24, 2017. A copy of the '022 Patent is attached hereto as Exhibit B.

28.     Mr. Barnett, named inventor of the inventions claimed in the '022 Patent, is currently the CEO of PopSockets.

29.     PopSockets' product covered by the '022 Patent is a mount for a PopSockets' grip.

30.     The Accused Mount Product is virtually identical to the '022 Patent claim and marketed as a mount holder for a PopSockets grip.

| '022 Patent | Defendants' Infringing Mount Product |
| --- | --- |
|  |  |

### U.S. Design Patent No. D818,808

31.     PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in the '808 Patent, entitled "Device Clip." The '808 Patent was duly and legally issued

by the United States Patent and Trademark Office on May 29, 2018.  A copy of the '808 Patent

is attached hereto as Exhibit C.

32.     Mr. Barnett, named inventor of the inventions claimed in the '808 Patent, is

currently the CEO of PopSockets.

33.     PopSockets' product covered by the '808 Patent is a mount for a PopSockets grip.

34.     The Accused Mount Product is virtually identical to the '808 Patent and marketed

as a mount holder for PopSockets.

| '808 Patent | Defendants' Infringing Mount Product |
|---|---|
|  |  |

**Defendants' Unauthorized Use of PopSockets' Works of Art**

35.     PopSockets holds and owns the copyrights in works of art ("Works of Art"),

attached hereto as Exhibit D, unlawfully copied by Defendants.  Reg. Nos. VA0002058815;

VA0002058459; VA2058466; VA0002058447; VA0002058435; VA0002058443;

VA0002058463.  The copyright registration certificates are attached hereto as Exhibit E.

36.     PopSockets' and/or PopSockets' authorized resellers' website(s) and product

packaging contain illustrations of its grip product, including the graphics copied by Defendants.

37.     In their promotion of the Accused Products, and without permission or

authorization from PopSockets, Defendants copied and used, and continues to use, at least six

Works of Art, shown below, that are either identical or strikingly or substantially similar to

graphics displayed on PopSockets' and/or PopSockets' authorized resellers' website(s) and
product packaging.

| PopSockets' Registered Works of Art | Defendants' Infringing Use |
|---|---|
|  |  PHOTO GRIP |
|  |  VIDEO CHAT |
|  |  TABLET GRIP |
|  |  MEDIA STAND |
|  |  TEXTING GRIP |

| PopSockets' Registered Works of Art | Defendants' Infringing Use |
|---|---|
| | |



**Defendants' Unauthorized Use of PopSockets' Trademarks**

38.     PopSockets owns federal trademark registrations for POPSOCKETS (the "Mark").  The registration certificates are attached hereto as Exhibit F.  *See* U.S. Registration Nos. 5486563; 5204637; 4942725; 4575440; 4572125.

39.     PopSockets has used the Mark since at least 2011.

40.     PopSockets has used and continues to use the Mark on its websites, product packaging, product displays, advertisements, and social media pages.

41.     Due to the Mark's inherent distinctiveness, and as a result of PopSockets' marketing and advertising efforts, the POPSOCKETS Mark serves as a source identifier for PopSockets' products.

42.     Without permission or authorization, Defendants use and sell products in connection with confusingly similar variations of the Mark on websites such as DozTrading.com and DozCell.com.  Specifically, Defendants have used the confusingly similar terms "POP SOCKETS" and "POPUPSOCKETS" to market their goods, and have included the term "popsocket" in the Uniform Resource Locator(s) that link to the Accused Products.  Defendants may include a short word or space between POP and SOCKET, but the result is a confusingly similar variation of the Mark.  Defendants have even marketed their nearly identical product as "Popsocket," among other infringing variations.

43.     Defendants' intent to trade on the goodwill of the PopSockets brand is made clear by the use of "popsocket" in URLs that link to the Accused Products  and by the use of "Popsocket," "POP SOCKETS," and "POPUPSOCKETS" to represent the Accused Products.

44.     At the time Defendants were making, using, importing, selling, and/or offering for sale products that bear confusingly similar variations of the Mark, Defendants had actual knowledge, or should have known, of PopSockets' use of the Mark.

45.     Defendants willfully used confusingly similar variations of the Mark in order to trade on PopSockets' goodwill and business reputation.

46.     Defendants' use of identical or confusingly similar variations of the Mark creates a likelihood of confusion as to the source of Defendants' products.

47.     PopSockets owns a federal trademark registration for the design trademark shown below (the "Design Mark").  The registration certificate is attached hereto as Exhibit F.  *See* U.S. Registration No. 5394408.

48.     PopSockets has used the Design Mark since at least as early as 2014.

49.     The Design Mark has been continuously used on PopSockets' mount product embodied in Design Patents D777,022 and D818,808 prior to Defendants' use and dissemination of the confusingly similar mark shown below.

| PopSockets' Design Mark | Defendants' Use of the Design Mark |
|---|---|
|  |  |

50.     PopSockets has used and continues to use the Design Mark on its websites, product packaging, product displays, trade dress, advertisements, and social media pages.

51.     As a result of PopSockets' marketing and advertising efforts, the Design Mark serves as a source identifier for PopSockets' products.

52.     Without PopSockets' permission or authorization, Defendants use PopSockets' Design Mark.

53.     At the time Defendants were making, using, importing, selling and/or offering for sale products that bear that Design Mark, they had actual knowledge, or should have known, of PopSockets' use of the Design Mark.

12

54.     Defendants' use of an identical or confusingly similar variation of the Design Mark creates a likelihood of confusion as to the source of the Defendants' products.

### Relationship Between the Defendants

55.     DozTrading has been operated by Mehmet Doz since the company's inception.

56.     DozCell has been operated by Mehmet Doz since the company's inception.

57.     Mehmet Doz is the registered agent, managing member, and substantial owner of DozTrading.

58.     Mehmet Doz is the managing member and substantial owner of DozCell.

59.     Mehmet Doz, DozTrading, and DozCell share the same address.

### COUNT ONE

### INFRINGEMENT OF THE '031 PATENT BY DOZTRADING AND DOZCELL

60.     PopSockets hereby incorporates the allegations of paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61.     DozTrading and DozCell have infringed, are currently infringing, and unless enjoined, will continue to infringe at least claims 9 and 16 of the '031 Patent.

62.     DozTrading and DozCell have directly infringed and continue to directly infringe the '031 Patent by importing, making, using, selling, and/or offering for sale the Accused Grip Product.

63.     DozTrading and DozCell have willfully infringed and continue to willfully infringe the '031 Patent despite knowledge of the '031 Patent (at least as of the date PopSockets sent the first cease and desist letter to DozTrading, and likely before through PopSockets' patent markings) and despite an objectively high likelihood that the sale and use of the Accused Grip Product would infringe one or more claims of the '031 Patent.  DozTrading and DozCell's knowledge of the '031 Patent and its claimed inventions is further evidenced by DozTrading and

DozCell's copying and use of Works of Art from PopSockets' website and product packaging that depict PopSockets' grip product embodying the claimed inventions.

64.     DozTrading and DozCell indirectly infringe one or more claims of the '031 Patent by inducing its customers' infringement through the use of the Accused Grip Product. DozTrading and DozCell knew or should have known that its acts would result in the actual infringement of one or more of the claims of the '031 Patent by one or more of its customers and thereby intended such infringement.

65.     DozTrading and DozCell's acts did, in fact, induce such infringement of one or more claims of the '031 Patent by instructing and encouraging these persons, by means of promotional and instructional guides, and/or physical demonstration, to use the Accused Grip Product in a manner that infringed the '031 Patent.  By following these instructions, DozTrading and DozCell's customers have directly infringed and continue to directly infringe at least claims 9 and 16 of the '031 Patent.

66.     As a direct and proximate consequence of DozTrading and DozCell's infringement of the '031 Patent, PopSockets has suffered and will continue to suffer irreparable injury and damages in an amount that an award of money would never be adequate to fully remedy, for which PopSockets is entitled to relief.  PopSockets seeks damages, as well as injunctive relief against further infringement.

## COUNT TWO

## INFRINGEMENT OF THE '031 PATENT BY MEHMET DOZ

67.     PopSockets hereby incorporates the allegations of paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     Mehmet Doz actively assisted, and continues to assist, with DozTrading and DozCell's infringement of the '031 Patent and is liable for inducing infringement.

69.     As the managing member and substantial owner of DozTrading and DozCell, Mehmet Doz is directly responsible for the day-to-day operations of DozTrading and DozCell and had knowledge of PopSockets' patented technologies and the '031 Patent at least as of the date the first cease and desist letter was received by DozTrading, and likely before through PopSockets' patent markings.  Despite such knowledge and awareness Mehmet Doz intentionally directed DozTrading and DozCell to perform the actions giving rise to DozTrading and DozCell's infringement of the '031 Patent.

### COUNT THREE

### INFRINGEMENT OF THE '022 DESIGN PATENT BY DOZTRADING AND DOZCELL

70.     PopSockets hereby incorporates the allegations of paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71.     DozTrading and DozCell have infringed and continue to infringe the '022 Design Patent by importing, making, using, selling, and/or offering for sale the Accused Mount Product.

72.     An ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the resemblance between the design of the Accused Mount Product and the '022 Patent as to be induced to purchase the Accused Mount Product believing it embodies the design(s) of  the '022 Patent.

73.     DozTrading and DozCell's deliberate and willful actions in infringing the design(s) of the '022 Patent have caused and will continue to cause irreparable harm to PopSockets unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

74.     DozTrading and DozCell have profited from and PopSockets has suffered damages as a result of DozTrading and DozCell's infringement of the '022 Patent.

## COUNT FOUR

## INFRINGEMENT OF THE '022 DESIGN PATENT BY MEHMET DOZ

75.     PopSockets hereby incorporates the allegations of paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76.     Mehmet Doz has actively assisted, and continues to assist, with DozTrading and DozCell's infringement of the '022 Patent and is liable for inducing infringement.

77.     An ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the resemblance between the design of the Accused Mount Product and the '022 Patent as to be induced to purchase the Accused Mount Product believing it embodies the design(s) of  the '022 Patent.

78.     As the managing member and substantial owner of DozTrading and DozCell, Mehmet Doz is directly responsible for the day-to-day operations of DozTrading and DozCell.

79.     Mehmet Doz's deliberate and willful actions in directing DozTrading and DozCell to infringe the design(s) of the '022 Patent have caused and will continue to cause irreparable harm to PopSockets unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

80.     Mehmet Doz, as the managing member and substantial owner of DozTrading and DozCell, has profited from and PopSockets has suffered damages as a result of Mehmet Doz's infringement of the '022 Patent.

## COUNT FIVE

## INFRINGEMENT OF THE '808 DESIGN PATENT BY DOZTRADING AND DOZCELL

81.     PopSockets hereby incorporates the allegations of paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82.     DozTrading and DozCell have infringed and continue to infringe the '808 Design Patent by importing, making, using, selling, and/or offering for sale the Accused Mount Product.

83.     An ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the resemblance between the design of the Accused Mount Product and the '808 Patent as to be induced to purchase the Accused Mount Product believing it embodies the design(s) of the '808 Patent.

84.     DozTrading and DozCell's deliberate and willful actions in infringing the design(s) of the '808 Patent have caused and will continue to cause irreparable harm to PopSockets unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

85.     DozTrading and DozCell have profited from and PopSockets has suffered damages as a result of DozTrading and DozCell's infringement of the '808 Patent.

## COUNT SIX

## INFRINGEMENT OF THE '808 DESIGN PATENT BY MEHMET DOZ

86.     PopSockets hereby incorporates the allegations of paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.     Mehmet Doz has actively assisted, and continues to assist, with DozTrading and DozCell's infringement of the '808 Patent and is liable for inducing infringement.

88.     An ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the resemblance between the design of the Accused Mount Product and the

'808 Patent as to be induced to purchase the Accused Mount Product believing it embodies the design(s) of the '808 Patent.

89.     As the managing member and substantial owner of DozTrading and DozCell, Mehmet Doz is directly responsible for the day-to-day operations of DozTrading and DozCell.

90.     Mehmet Doz, as the managing member and substantial owner of DozTrading and DozCell, has profited from and PopSockets has suffered damages as a result of Mehmet Doz's infringement of the '808 Patent.

## COUNT SEVEN

## COPYRIGHT INFRINGEMENT BY DOZTRADING AND DOZCELL

91.     PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 90 as if fully set forth herein.

92.     PopSockets is the copyright owner of each of the original, published Works of Art contained in Exhibit D.  The associated copyright registration certificates for each work are attached as Exhibit E.

93.     Each of the Works of Art contained in Exhibit D is copyrightable subject matter under the laws of the United States.

94.     Direct proof of access is not required for strikingly similar works (or identical as the case may be) such as those used by DozTrading and DozCell, but even so, DozTrading and DozCell had access to the Works of Art through PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging.

95.     DozTrading and DozCell have never asked for or been granted permission to use or reproduce the Works of Art.

96.     DozTrading and DozCell copied and reproduced identical or strikingly or substantially similar versions of the Works of Art without PopSockets' consent.

97.     DozTrading and DozCell engaged, and continue to engage in acts of infringement by using the Works of Art that are identical, or strikingly or substantially similar variations in materials, such as product packaging, distributed to third parties.

98.     PopSockets is informed and thereon alleges that DozTrading and DozCell further infringed PopSockets' copyrights by making or causing to be made derivative works based on the Works of Art and producing and/or distributing reproductions without PopSockets' permission.

99.     DozTrading and DozCell's aforesaid acts violate PopSockets' exclusive rights under section 106 of the Copyright Act and constitute copyright infringement.

100.    PopSockets is entitled to injunctive relief prohibiting DozTrading and DozCell's further infringement.

## COUNT EIGHT

## COPYRIGHT INFRINGEMENT BY MEHMET DOZ

101.    PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 100 as if fully set forth herein.

102.    PopSockets is the copyright owner of each of the original, published Works of Art contained in Exhibit D.  The associated copyright registration certificates for each work are also attached as Exhibit E.

103.    Each of the Works of Art contained in Exhibit D is copyrightable subject matter under the laws of the United States.

104.    Direct proof of access is not required for strikingly similar works (or identical as the case may be) such as those used by DozTrading and DozCell, but even so, Mehmet Doz had access to the Works of Art through PopSockets' and/or PopSockets' authorized resellers' website(s) and product packaging.

19

105.    PopSockets is informed and thereon alleges that Mehmet Doz infringed PopSockets' copyrights by making or causing to be made derivative works based on the Works of Art and producing and distributing reproductions without PopSockets' permission.

106.    As the managing member and substantial owner of DozTrading and DozCell, Mehmet Doz is directly responsible for the day-to-day operations of DozTrading and DozCell, and Mehmet Doz willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by DozTrading and DozCell.

107.    Mehmet Doz instructed and induced DozTrading and DozCell to use the infringing Works of Art which led to the infringing uses, and therefore Mehmet Doz engaged in contributory copyright infringement.

108.    Mehmet Doz's aforementioned acts violate PopSockets' exclusive rights under section 106 of the Copyright Act and constitute copyright infringement.

109.    In the alternative, Mehmet Doz has or has had a direct financial interest in the creation, publication, and distribution of the infringing Works of Art, and has had the power or ability to supervise and control the creation, publication, and distribution of the infringing Works of Art, but failed to prevent the infringement of PopSockets' copyrights.  Mehmet Doz is therefore liable for vicarious infringement of PopSockets' copyrights by DozTrading and DozCell.

110.    PopSockets is entitled to injunctive relief prohibiting Mehmet Doz's further infringement.

## COUNT NINE

## FEDERAL TRADEMARK INFRINGEMENT BY DOZTRADING AND DOZCELL

111.    PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 110 as if fully set forth herein.

112.    Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that, "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action against registrant . . . ."

113.    DozTrading and DozCell have offered goods using colorable imitations of PopSockets' Mark in connection with DozTrading and DozCell's products and business without PopSockets' permission.  Such unauthorized use in commerce is likely to cause confusion or mistake or deception among prospective or actual consumers and other members of the public, in violation of Section 32 of the Lanham Act.

114.    DozTrading and DozCell's acts of infringement in violation of Section 32 of the Lanham Act are malicious, fraudulent, willful, and deliberate.

115.    DozTrading and DozCell have willfully intended to trade on the recognition of, and have willfully intended to harm the reputation of, the registered POPSOCKETS Mark and the registered Design Mark.

116.    DozTrading and DozCell's acts of infringement in violation of Section 32 of the Lanham Act have inflicted, and if not enjoined, will continue to inflict irreparable harm on PopSockets, and therefore PopSockets has no adequate remedy at law.

117.    Pursuant to 15 U.S.C. § 1117, PopSockets is entitled to recover damages in an amount to be determined at trial, including DozTrading and DozCell's profits, losses sustained by PopSockets due to DozTrading and DozCell's conduct, and costs of the action.  DozTrading and DozCell's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling PopSockets to recover additional treble damages and reasonable attorneys' fees.

**COUNT TEN**

**FEDERAL TRADEMARK INFRINGEMENT BY MEHMET DOZ**

118.    PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 117 as if fully set forth herein.

119.    Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that, "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action against registrant . . . ."

120.    As managing member and substantial owner of DozTrading and DozCell, Mehmet Doz is directly responsible for the day-to-day operations of DozTrading and DozCell, and Mehmet Doz willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by DozTrading and DozCell.

121.    Mehmet Doz instructed and induced DozTrading and DozCell to continue using confusingly similar imitations of the Mark without permission from PopSockets although Mehmet Doz knew or should have known about PopSockets' Mark.  Therefore, Mehmet Doz engaged in trademark infringement.

122.    Mehmet Doz has willfully intended to trade on the recognition of, and has willfully intended to harm the reputation of, the registered POPSOCKETS Mark and Design Mark.

123.    PopSockets is entitled to recover damages in an amount to be determined at trial, including Defendants' profits, losses sustained by PopSockets due to Defendants' conduct, and costs of the action.  Mehmet Doz's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling PopSockets to recover additional treble damages and reasonable attorneys' fees.

124.    Mehmet Doz's acts of trademark infringement have damaged and will continue to irreparably damage PopSockets unless enjoined by this Court.

**COUNT ELEVEN**

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN BY
DOZTRADING AND DOZCELL**

125.    PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 124 as if fully set forth herein.

126.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

127.    DozTrading and DozCell's use of confusingly similar imitations of PopSockets' Mark and Design Mark is likely to cause confusion, deception, or mistake by creating the false and misleading impression that DozTrading and DozCell's business and services are affiliated, connected, or associated with PopSockets.

23

128.     DozTrading and DozCell are passing off its product as those of PopSockets' in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of PopSockets' products.

129.     DozTrading and DozCell's activities and conduct have been willful and deliberate, knowingly and intentionally designed to trade upon the significant goodwill of PopSockets' trademarks, to cause confusion or mistake, and to deceive the public as to the source or origin of DozTrading and DozCell's goods.

130.     DozTrading and DozCell's aforementioned acts constitute false designation of origin and trademark infringement in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

131.     DozTrading and DozCell's actions have caused and are likely to cause substantial injury to the public and to PopSockets, its business, goodwill, and reputation.

132.     PopSockets is entitled to injunctive relief, and to recover DozTrading and DozCell's profits associated with the infringement and PopSockets' costs.

## COUNT TWELVE

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN BY MEHMET DOZ

133.     PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 132 as if fully set forth herein.

134.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . .  or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

24

135.   As the managing member and substantial owner of DozTrading and DozCell, Mehmet Doz is directly responsible for the day-to-day operations of DozTrading and DozCell, and Mehmet Doz willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by DozTrading an DozCell.

136.   Mehmet Doz instructed and induced DozTrading and DozCell to use the infringing Design Mark which led to the infringing uses, and therefore Mehmet Doz engaged in trademark infringement.

137.   Defendants' use of confusingly similar imitations of PopSockets' Design Mark is likely to cause confusion, deception, or mistake by creating the false and misleading impression that Defendants' business and services are affiliated, connected, or associated with PopSockets.

138.   Mehmet Doz is passing off Defendants' product as those of PopSockets' in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of PopSockets' products.

139.   Mehmet Doz's activities and conduct have been willful and deliberate, knowingly and intentionally designed to trade upon the significant goodwill of PopSockets' trademarks, to cause confusion or mistake, and to deceive the public as to the source or origin of Defendants' goods.

140.   Mehmet Doz's aforementioned acts constitute false designation of origin and trademark infringement in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

141.   Mehmet Doz's actions have caused and are likely to cause substantial injury to the public and to PopSockets, its business, goodwill, and reputation.

142.   PopSockets is entitled to injunctive relief, and to recover Defendants' profits associated with the infringement and PopSockets' costs.

**COUNT THIRTEEN**

**COMMON LAW TRADEMARK INFRINGEMENT BY
DOZTRADING AND DOZCELL**

143.    PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 142 as if fully set forth herein.

144.    This claim arises under the common law of the State of Wisconsin.

145.    DozTrading and DozCell's aforementioned acts constitute trademark infringement in violation of Wisconsin common law, are done willfully with full knowledge of PopSockets' rights in the Mark and the Design Mark.

146.    DozTrading and DozCell have used confusingly similar imitations of the inherently distinctive POPSOCKETS Mark and the Design Mark with the willful and calculated purpose of harming or trading on PopSockets' goodwill and reputation, and in a manner calculated to imply false sponsorship of approval by PopSockets' for the purpose of misleading and deceiving the public.

147.    DozTrading and DozCell's acts of common law trademark infringement have damaged and will continue to irreparably damage PopSockets unless enjoined by this Court.

**COUNT FOURTEEN**

**COMMON LAW TRADEMARK INFRINGEMENT BY MEHMET DOZ**

148.    PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 147 as if fully set forth herein.

149.    This claim arises under the State of Wisconsin.

150.    As managing member and substantial owner of DozTrading and DozCell, Mehmet Doz is directly responsible for the day-to-day operations of DozTrading and DozCell,

and Mehmet Doz willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by DozTrading and DozCell.

151.    Mehmet Doz instructed and induced DozTrading and DozCell to continue using confusingly similar imitations of PopSockets' inherently distinctive Mark without permission from PopSockets although Mehmet Doz knew or should have known about PopSockets' Mark.

152.    Mehmet Doz's aforementioned acts constitute trademark infringement in violation of Wisconsin common law  are done willfully with full knowledge of PopSockets' rights in the Mark.

153.    Mehmet Doz's acts of common law trademark infringement have damaged and will continue to irreparably damage PopSockets unless enjoined by this Court.

## COUNT FIFTEEN

## COMMON LAW UNFAIR COMPETITION BY DOZTRADING AND DOZCELL

154.    PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 153 as if fully set forth herein.

155.    This claim arises under the common law of the State of Wisconsin.

156.    DozTrading and DozCell's use of confusingly similar variations of the Mark and the Design Mark constitutes unfair competition under Wisconsin common law.

157.    Through DozTrading and DozCell's use of the Mark and the Design Mark in connection with the Accused Grip Product and the Accused Mount Product, DozTrading and DozCell are passing off the products as those of PopSockets in a manner that is false, misleading, and misrepresentative of the source, nature, characteristics, and quality of PopSockets' products.

158.    DozTrading and DozCell have and will continue to profit and gain as a result of its infringing activity.

159.     DozTrading and DozCell's acts are likely to cause consumer confusion and have damaged and will continue to damage PopSockets, including damage to its goodwill and reputation, and PopSockets has no adequate remedy at law.

## COUNT SIXTEEN

## COMMON LAW UNFAIR COMPETITION BY MEHMET DOZ

160.     PopSockets repeats and incorporates by reference the allegations contained in paragraphs 1 through 159 as if fully set forth herein.

161.     As managing member and substantial owner of DozTrading and DozCell, Mehmet Doz is directly responsible for the day-to-day operations of DozTrading and DozCell, and Mehmet Doz willfully, knowingly, and personally participated in and directed all of the infringing activities undertaken by DozTrading and DozCell.

162.     Mehmet Doz instructed and induced DozTrading and DozCell to continue using confusingly similar imitations of PopSockets' inherently distinctive Mark without permission from PopSockets although Mehmet Doz knew or should have known about PopSockets' Mark.

163.     Mehmet Doz's use of confusingly similar variations of the Mark constitutes unfair competition under Wisconsin common law.

164.     Through Mehmet Doz's use of confusingly similar variations of the Mark in connection with the Accused Grip Product and the Accused Mount Product, Mehmet Doz is passing off Defendants' products as those of PopSockets in a manner that is false, misleading, and misrepresentative of the source, nature, characteristics, and quality of PopSockets' products.

165.     Defendants have and will continue to make profits and gains as a result of Defendants' infringing activity.

166.    Mehmet Doz's acts are likely to cause consumer confusion and have damaged and will continue to damage PopSockets, including damage to its goodwill and reputation, and PopSockets has no adequate remedy at law.

## PRAYER FOR RELIEF

PopSockets requests that the Court enter judgment against Defendants as follows:

A.    The '031 Patent, '022 Patent, and '808 Patent has been infringed by each Defendant;

B.    Each Defendants' infringement of the '031 Patent, '022 Patent, and '808 Patent has been willful;

C.    An injunction against further infringement of the '031 Patent, '022 Patent, and '808 Patent;

D.    PopSockets' copyrights in the Works of Art have been willfully infringed by each Defendant;

E.    An injunction against further infringement of PopSockets' copyrights;

F.    PopSockets' trademark rights in the Mark and Design Mark have been willfully infringed by each Defendant;

G.    Any injunction against further infringement of PopSockets' Mark and Design Mark or any variant thereof;

H.    An award of damages not less than a reasonable royalty, together with pre-judgment and post-judgment interest to compensate for Defendants' infringement of the '031 Patent, '022 Patent, and '808 Patent and copyrights as allowed by law;

I.    An award to PopSockets for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' unlawful conduct, as provided under 35 U.S.C. § 284;

29

J.      A determination that this is an exceptional case within the meaning of 35 U.S.C.

§ 285 and 17 U.S.C. § 505 and an award to PopSockets of its costs, expenses, and reasonable

attorneys' fees incurred in this action;

K.      Order the impoundment and destruction of all copies of the infringing work in the

custody, possession, or control of any of the Defendants or their agents, employees, and affiliated

companies;

L.      Award PopSockets statutory damages or such actual damages as it has sustained

as a result of Defendants' copyright infringement, pursuant to 17 U.S.C. § 504(b);

M.      Require Defendants to account for and disgorge to PopSockets all gains, profits,

and advantages derived by its copyright infringement, pursuant to 17 U.S.C. § 504(b);

N.      Require Defendants pay damages incurred by PopSockets as a result of

Defendants' violations of 15 U.S.C. § 1125(a) and Wisconsin Law;

O.      Award PopSockets trebling damages for all trademark damages assessed herein;

P.      Award PopSockets exemplary and punitive trademark damages; and

Q.      Such other equitable or legal relief as this Court deems just and proper.

Date:  July 27, 2018                        Respectfully submitted,

                                            By:  /s/ Jennifer L. Gregor
                                            Benjamin T. Horton (Admission Pending)
                                            David N. Patariu (Admission Pending)
                                            Michelle Bolos (Admission Pending)
                                            MARSHALL, GERSTEIN & BORUN LLP
                                            6300 Willis Tower
                                            233 S. Wacker Dr.
                                            Chicago, IL 60606
                                            T:  312.474.6300
                                            F:  312.474.0448
                                            E: bhorton@marshallip.com
                                            E: dpatariu@gmail.com
                                            E: mbolos@marshallip.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
T: 608.257.3911
E: jgregor@gklaw.com

*Attorneys for Plaintiff PopSockets LLC*