UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

POPSOCKETS LLC

    Plaintiff,

vs.                                Civil Action No. 3:18-cv-00588

DOZTRADING LLC, DOZCELL LLC, and
MEHMET DOZ

    Defendants.

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, Plaintiff PopSockets LLC ("PopSockets" or "Plaintiff"), filed civil action number 3:18-cv-00588 in the Western District of Wisconsin against defendants, DozTrading LLC ("DozTrading"), DozCell LLC ("DozCell"), and Mehmet Doz (collectively, "Defendants"), asserting claims for (1) infringement of U.S. Patent No. 8,560,031 (the "'031 Patent"), U.S. Design Patent No. D777,022 (the "'022 Patent"), and U.S. Design Patent No. D818,808 (the "'808 Patent") in violation of 35 U.S.C. § 271; (2) copyright infringement in violation of 17 U.S.C. § 504(b); (3) trademark infringement in violation of 15 U.S.C. § 1051 *et seq.*; (4) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (5) trademark infringement in violation of common law of the State of Wisconsin; and (6) unfair competition in violation of common law of the State of Wisconsin.

WHEREAS, PopSockets is a corporation organized under the laws of Colorado with its corporate headquarters and principle place of business at 3033 Sterling Circle, Boulder, Colorado 80301.

WHEREAS, at the time the Complaint was filed, DozTrading was a corporation organized under the laws of Wisconsin with a registered agent address of 1010 East Washington Ave., Unit 1020, Madison, Wisconsin 53703.

WHEREAS, at the time the Complaint was filed, DozCell was a corporation organized under the laws of Wisconsin with a registered agent address of 1010 East Washington Ave., Unit 1020, Madison, Wisconsin 53703.

WHEREAS, Mehmet Doz is an individual residing at 1010 East Washington Ave., Unit 1020, Madison, Wisconsin 53703. He is and has been the President of both DozTrading and DozCell.

WHEREAS, Plaintiff and Defendants have agreed to enter a Settlement Agreement which has been separately executed regarding this litigation; Plaintiff and Defendants have agreed to entry of a Consent Judgment and Permanent Injunction on the following terms, and Defendants have agreed not to appeal any part of this stipulated Consent Judgment and Permanent Injunction;

This Court, having read and considered the Consent Judgment and Permanent Injunction that has been executed by Plaintiff and Defendants ~~and finding that the Consent Judgment and Permanent Injunction are fair, reasonable, and adequate,~~ and for good cause appearing, hereby ORDERS, ADJUDGES, and DECREES, with respect to the parties to the Consent Judgment, as follows: *[handwritten: OMC 10/29/2018]*

1. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, the copyright laws of the United States 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1125(a), 15 U.S.C. § 1051 *et seq.*, and the laws of the State of Wisconsin. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2

2. This Court has personal jurisdiction over Defendants and venue is proper pursuant to 28 U.S.C. § 1391(b), 1391(c), and 1400(b).

3. PopSockets is the assignee, and the sole and exclusive owner of all right, title, and interest in and to U.S. Patent No. 8,560,031, U.S. Design Patent No. D777,022, and U.S. Design Patent No. D818,808 (collectively the "PopSockets Patents").

4. All claims of U.S. Patent No. 8,560,031 and U.S. Design Patent Nos. D777,022 and D818,808 are valid and enforceable.

5. At least one claim of U.S. Patent No. 8,560,031 is infringed by the manufacture, use, offer to sell, sale, importation, or distribution of the accused socket products, an exemplary product is identified in Exhibit A, or any colorable variations thereof that also infringe U.S. Patent No. 8,560,031.

6. At least one claim of U.S. Design Patent No. D777,022 is infringed by the manufacture, use, offer to sell, sale, importation, or distribution of the accused mount products, an exemplary product is identified in Exhibit B, or any colorable variations thereof that also infringe U.S. Design Patent No. D777,022.

7. At least one claim of U.S. Design Patent No. D818,808 is infringed by the manufacture, use, offer to sell, sale, importation, or distribution of the accused mount products, an exemplary product is identified in Exhibit C, or any colorable variations thereof that also infringe U.S. Design Patent No. D818,808.

8. PopSockets owns all right, title, and interest in and to the original, published works of art in U.S. Copyright Reg. Nos. VA0002058815; VA0002058459; VA 2058466; VA0002058447; VA0002058435; VA0002058443; and VA0002058463 attached in Exhibit D (collectively the "PopSockets Copyrights").

9. All of the PopSockets Copyrights are valid and enforceable.

10. Defendants infringed the PopSockets Copyrights by using works of art that are identical, or strikingly or substantially similar variations, such as product packaging, distributed to third parties.

11. PopSockets owns all right, title, and interest in and to the "POPSOCKETS" and its design trademark, including U.S. Trademark Registration Nos. 5,486,563; 5,204,637; 4,575,440; 4,572,125; 5,394,408 for "POPSOCKETS" and/or the design mark for grips, stands, and mounts for handheld electronic devices; and U.S. Trademark Registration No. 4,942,725 for POP CLIP attached as Exhibit E (collectively the "PopSockets Trademarks"). PopSockets also has common law rights in the PopSockets Trademarks.

12. All of the PopSockets Trademarks are famous, valid, and enforceable.

13. Defendants infringed at least one of the PopSockets Trademarks.

14. Plaintiff and Defendants intend and this Court specifically orders that the issues of validity are hereby finally concluded and disposed of and that this Consent Judgment and Permanent Injunction bars Defendants from contending in this action or any other proceeding, including any proceedings before the U.S. Patent Trial and Appeal Board ("PTAB"), or U.S. Trademark Trial and Appeal Board ("TTAB") that the claims of the PopSockets Patents, the PopSockets Trademarks, and the PopSockets Copyrights are invalid or unenforceable.

15. Plaintiff and Defendants intend and this Court specifically orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment and Permanent Injunction bars Defendants from contending in this action or any other proceeding that (a) Defendants' products, exemplary products are identified in Exhibits A, B, and C or colorable variations thereof, do not infringe the PopSockets Patents, (b) Defendants' use of the

works of art that are identical, or strikingly or substantially similar variations, identified in Exhibit F, does not infringe the PopSockets Copyrights, and (c) Defendants' use of confusingly similar imitations of the PopSockets Trademarks does not infringe the PopSockets Trademarks.

**IT IS FURTHER AGREED, ORDERED, AND DECREED** that:

16. DozTrading, DozCell, and Mehmet Doz their agents, servants, employers, attorneys, and all those acting in privity, concert, or participation with any of them shall immediately and permanently cease importing, making, use, selling, and/or offering for sale the accused socket product or any colorably similar products;

17. DozTrading, DozCell, Mehmet Doz and their agents, servants, employers, attorneys, and all those acting in privity, concert, or participation with any of them shall immediately and permanently cease all use of any graphics that are identical or strikingly or substantially similar to any of the works in PopSockets' Copyrights;

18. DozTrading, DozCell, and Mehmet Doz their agents, servants, employers, attorneys, and all those acting in privity, concert, or participation with any of them shall immediately and permanently cease all use of PopSockets' Trademarks and/or confusingly similar variations of PopSockets' Trademarks;

19. This Judgment shall finally conclude and dispose of all claims, counterclaims and defenses in this litigation as to Plaintiff and Defendants, and Plaintiff shall be entitled to issue preclusion, claim preclusion, res judicata and collateral estoppel effect in future litigation, U.S. PTAB proceedings, or TTAB proceedings, related to the PopSockets Patents, the PopSockets Trademarks, and the PopSockets Copyrights. Plaintiff and Defendants and this Court explicitly intend such issue preclusion, claim preclusion, res judicata and collateral estoppel effects to extend to the issues of infringement, validity, and enforceability regarding any claim of the

PopSockets Patents, the PopSockets Trademarks, and the PopSockets Copyrights, whether raised in a court proceeding, PTAB proceeding, TTAB proceedings or other disputes.

20. No appeals shall be taken by any party from this Consent Judgment and Permanent Injunction, the right to appeal being expressly waived by the parties.

21. Any violation of this Consent Judgment and Permanent Injunction by Defendants would cause irreparable harm to Plaintiff and, if such a violation occurs, Plaintiff will be entitled to immediate relief.

22. This Court retains exclusive jurisdiction of this action for the purpose of enforcing the terms of this Consent Judgment, Permanent Injunction, and the Settlement Agreement.

23. Final Judgment shall be entered pursuant hereto, without further notice. The Clerk is directed to enter this final Consent Judgment and Permanent Injunction forthwith.

IT IS SO ORDERED this __29th__ day of ___October___, 2018.

_____
Honorable William M. Conley

APPROVED AND AGREED TO BY:

**POPSOCKETS LLC**

*s/ Jennifer L. Gregor*
Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
T: 608.257.3911
E: JGREGOR@GKLAW.COM

*Of Counsel:*
Benjamin T. Horton
David N. Patariu
Michelle Bolos

**MEHMET DOZ**

_____
Mehmet Doz
1010 E. Washington, Unit 1020,
Madison, Wisconsin 53703

**DOZTRADING LLC**

_____
Mehmet Doz, President
1010 E. Washington, Unit 1020
Madison, Wisconsin 53703

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: bhorton@marshallip.com
E: dpatariu@marshallip.com
E: mbolos@marshallip.com

*Attorneys for Plaintiff PopSockets LLC*

**DOZCELL LLC**

_____
Mehmet Doz, President
1010 E. Washington, Unit 1020
Madison, Wisconsin 53703

ENTERED this 30th day of October, 2018.

_____
Peter A. Oppeneer, Clerk of Court